IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHELLE R. RICHARDSON                                                               PLAINTIFF

v.                              Civil No. 14-5316

SHERIFF TIM HELDER; NURSE
RHONDA BRADLEY; OFFICER
S. JOHNSON; and OFFICER TIPOCLA                                               DEFENDANTS

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

On July 22, 2015, Defendants filed a Motion to Compel (Doc. 24). In the Motion, Defendants indicated that Plaintiff failed to show for her deposition that was scheduled for July 16, 2015, at 9:00 a.m. Defendants asked for an award of costs to cover their expenses for having scheduled and appeared at the deposition. Defendants also stated that the Plaintiff had not provided them with responses to discovery requests propounded on April 30, 2015. Finally, Defendants asked for a continuance of the scheduling order.

By order entered on August 3, 2015, the Motion to Compel (Doc. 24) was granted in part and denied in part. The case was continued.

Plaintiff was given until **August 21, 2015,** to show cause why this case should not be dismissed due to her failure to attend her deposition and her failure to provide the Defendants with discovery responses. Plaintiff was advised that if she failed to respond to the show cause order, I would recommend that this case be dismissed with prejudice.

-1-

Plaintiff has not responded to the order. She has not requested an extension of time to respond. She has not communicated with the Court in anyway. No mail has been returned as undeliverable.

I therefore recommend that this case be dismissed with prejudice based on Plaintiff's failure to engage in discovery and her failure to obey the order of the Court. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of August 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)